IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KARA MORRIS, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | Civil Action No. 3:23-CV-2036-D |
| § | |
| ARTA TRAVEL, et al., § | |
| § | |
| Defendants. § | |

MEMORANDUM OPINION
AND ORDER

In this employment discrimination action, defendant Travel Acquisition Group, Ltd. d/b/a ARTA Travel ("ARTA") moves to dismiss for improper venue under Fed. R. Civ. P. 12(b)(3), or, alternatively, to transfer the case to the Eastern District of Texas, Sherman Division under 28 U.S.C. § 1406(a). For the reasons that follow, the court concludes that venue is not proper in this district and transfers this case to the Eastern District of Texas, Sherman Division.

I

Plaintiff Kara Morris ("Morris") filed her original complaint, alleging that ARTA Travel (then the sole defendant) had discriminated against her based on her disability and had violated the Americans with Disabilities Act of 1990 ("ADA"). The following day, Morris filed a first amended complaint to add ARTA as a party. That amendment was made as a matter of course under Rule 15(a)(1)(A).

According to Morris' first amended complaint, Morris, who suffers from multiple

sclerosis, informed defendants[1] of her condition and requested to work from home (at least on a part-time basis) during the COVID-19 epidemic and to have her wages restored to the rate of an in-office employee. Morris alleges that defendants did not engage in conversation with her and refused her requested accommodation, despite the fact that she could have performed the essential functions of her job. Morris alleges that she was "constructively discharged" from her travel agent position because she was forced to choose between her health and her job.

ARTA answered Morris' first amended complaint (it did not answer her original complaint), and, in pertinent part, denied that venue is proper in this district. ARTA now moves to dismiss this action for improper venue, or, alternatively, to transfer the case to the Eastern District of Texas, Sherman Division. ARTA maintains that venue is not proper in this district because it employed Morris and made decisions regarding her employment at its office located in Collin County in the Eastern District of Texas. In response, Morris maintains that the motion is moot because, after ARTA filed the motion, she filed a second amended complaint, which "supersedes" her previous pleading and "renders it of no legal effect." P. Resp. (ECF No. 17) at 1. In reply, ARTA contends that Morris' second amended complaint violates Rule 15 because she did not seek this court's leave or ARTA's written consent before she filed it. The court is deciding the motion on the briefs, without oral

---

[1]In the first amended complaint, both defendants are referred to collectively as the "Defendant." 1st Am. Compl. (ECF No. 5) at 1. The claims are based on allegations pertaining to "the Defendant." *E.g., id.* at 3.1 (referring to "Defendant's unlawful employment practices").

argument.

II

The court first considers whether to strike Morris' second amended complaint.

A

Rule 15(a) provides that a party may amend her pleading once as a matter of course within 21 days after serving it, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Rule 15(a)(1)(A), (B). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Rule 15(a)(2). The court in its discretion may strike an amended complaint for failure to comply with these procedural requirements. *See, e.g.*, *Ike v. U.S. Citizenship & Immigr. Servs.*, 2021 WL 2167054, at *3 (N.D. Tex. May 27, 2021) (Fitzwater, J.); *Barbour v. City of Forney*, 2015 WL 4094005, at *3 (N.D. Tex. June 17, 2015) (Horan, J.) (striking amended complaint that could not be filed as a matter of course under Rule 15(a)(1)), *rec. adopted*, 2015 WL 4113571 (N.D. Tex. July 7, 2015) (Boyle, J.).

B

Morris filed her original complaint against ARTA Travel on September 11, 2023. She filed her first amended complaint the following day, on September 12, 2023, adding ARTA as a defendant. ARTA answered the first amended complaint and served Morris with its answer on September 26, 2023. ARTA filed the instant motion to dismiss or transfer on October 12, 2023. Morris filed her second amended complaint on November 1, 2023, and

then responded to the motion to dismiss or transfer, maintaining that it was moot because it was filed before she filed her second amended complaint, which rendered the previous pleading of no legal effect.

Morris neither sought nor obtained leave of court to file her second amended complaint. Under Rule 15, "a party may amend its pleading *once* as a matter of course . . . ." Rule 15(1) (emphasis added). The Rule is clear and affords parties only *one* opportunity to amend as a matter of course. *See Merisier v. Johnson County*, 2020 WL 13856958, at *1 (N.D. Tex. May 26, 2023) (Horan, J.) (quoting *Logue v. Patient First Corp.*, 246 F.Supp.3d 1124, 1126-27 (D. Md. 2017)) (interpreting Rule 15). Morris filed her original complaint on September 11, 2023. She exercised her right to amend her pleading once as a matter of course on September 12, 2023, when she filed her first amended complaint within 21 days of serving her original complaint. *See* Rule 15(a)(1)(A). Because Morris failed to comply with Rule 15's procedural requirements, the court strikes her second amended complaint. The court need not address whether Morris' second amended complaint mooted ARTA's motion to dismiss because the first amended complaint is the effective complaint.

### III

The court now considers ARTA's motion to dismiss for improper venue.

### A

Venue in a civil action is usually governed by 28 U.S.C. § 1391(b), but claims under the ADA are governed by the special venue provisions adopted in Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq. See also In re Horseshoe Ent.*, 337 F.3d 429,

432-33 (5th Cir. 2003) (per curiam).² In the instant case, venue is governed by 42 U.S.C. § 2000e-5(f)(3), which provides, in relevant part, that venue is proper

> (1) in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, (2) in the judicial district in which the employment records relevant to such practice are maintained and administered, or (3) in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, (4) but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3).

A party may challenge venue in a responsive pleading or by filing a motion. *See* Rule 12(b)(3). "Once a defendant has objected to a plaintiff's chosen venue, . . . the burden shifts to [the plaintiff] to establish that venue is proper." *Davis v. Billick*, 2002 WL 1398560, at *7 (N.D. Tex. June 26, 2002) (Fitzwater, J.) (citing *Advanced Dynamics Corp. v. Mitech Corp.*, 729 F. Supp. 519 (N.D. Tex. 1990) (Belew, J.)). Because ARTA has challenged venue by filing this motion to dismiss, Morris has the burden of establishing that venue is proper in this district. *See id.*

The court may decide whether venue is proper based upon "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009) (quoting *Ginter ex rel.*

---

²ARTA incorrectly states that no special venue statute expressly identifies venue for the claims in this case.

- 5 -

*Ballard v. Belcher, Prendergast & Laporte*, 536 F.3d 439, 449 (5th Cir. 2008) (Dennis, J., dissenting)). When resolving the matter on the pleadings without an evidentiary hearing, the court "must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff." *Ginter*, 536 F.3d at 448 (Dennis, J., dissenting); *Laserdynamics Inc. v. Acer Am. Corp.*, 209 F.R.D. 388, 390 (S.D. Tex. 2002).

"Where venue is improper, the district court should generally dismiss the case. But the court retains discretion to transfer it to a proper venue if such a transfer would serve the interest of justice." *Seville v. Maersk Line, Ltd.*, 53 F.4th 890, 894 (5th Cir. 2022) (internal quotation marks omitted) (quoting 28 U.S.C. § 1406(a)). When determining whether to dismiss or transfer the case in the interest of justice, "courts examine the plaintiff's reason for filing suit in the improper district and ask whether the plaintiff's belief that venue was proper was in good faith and reasonable." *Id.* (quoting 14D Charles Alan Wright et al., *Federal Practice and Procedure* § 3821 (4th ed. 2021)).

B

According to Morris' first amended complaint, the Northern District of Texas is a proper venue because "the unlawful employment discrimination giving rise to Plaintiff's claims occurred in this District." P. 1st Am. Compl. (ECF No. 5) at 2, ¶ 3.3. But "an employment practice is committed where the alleged discriminatory conduct occurred, rather than where its effects are felt." *Fowler v. Deloitte & Touche, LLP*, 2017 WL 1293983, at *8 (W.D. La. Mar. 24, 2017) (internal quotation marks omitted) (citing *Kapche v. Gonzales*, 2007 WL 3270393, at *4 n.4 (S.D. Tex. Nov. 2, 2007)); *see also Ausler v. ASG/DKS*

*Installations LLC*, 2021 WL 24542, at *2 (N.D. Tex. Jan. 4, 2021) (Horan, J.). The alleged discriminatory conduct in Morris' first amended complaint is based on ARTA's decision not to grant or discuss her requested accommodation. That decision occurred where ARTA employed Morris, and it is undisputed that ARTA employed Morris at its office located in Collin County, which is situated in the Eastern District of Texas. Morris' first amended complaint does not include any facts demonstrating that any alleged discriminatory conduct may have occurred elsewhere. The Eastern District of Texas is the proper venue under the first prong of § 2000e-5(f)(3).

The Eastern District of Texas is also the proper venue under the second and third prongs of § 2000e-5(f)(3). The Eastern District of Texas is presumably the judicial district where the employment records relevant to the alleged discriminatory practices are maintained and administered because it is where Morris was employed. And, according to Morris' first amended complaint, the Eastern District of Texas is the judicial district in which she would have worked but for the alleged unlawful employment practice. Although Morris resides in Carrollton, Texas, a municipality that lies partially within this judicial district, "a plaintiff's residence is equally insufficient to establish venue under [] § 2000e-5(f)(3) and to overcome a plaintiff's choice of venue where, like here, other provisions of [] § 2000e-5(f)(3) are satisfied." *Ausler*, 2021 WL 24542, at *2 (internal quotation marks omitted) (quoting *Graham v. Spireon, Inc.*, 2014 WL 3714917, at *2-3 (N.D. Ill. July 25, 2014)). The court concludes that the Eastern District of Texas is the proper district under the special venue provisions for ADA claims and that, in the interest of justice, this case should be transferred

- 7 -

rather than dismissed.

*   *   *

For the reasons explained, the court concludes that venue is not proper in this district and transfers this case to the Eastern District of Texas, Sherman Division.[3] The clerk of court shall effect the transfer according to the usual procedure.

**SO ORDERED**.

November 30, 2023.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE

---

[3] By statute, court for the Sherman Division is held at Sherman and Plano. *See* 28 U.S.C. § 124(c)(3). The decision whether to assign the case to the Sherman or Plano docket is left, of course, to the procedures adopted by the Eastern District of Texas.